IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| General Mills, Inc., The Pillsbury Company, LLC, and General Mills Marketing, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> FRITSCH GmbH, FRITSCH USA, INC., and MECATHERM S.A., <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT; DEMAND FOR JURY TRIAL** |

## COMPLAINT

General Mills, Inc., The Pillsbury Company, LLC, and General Mills Marketing, Inc. for their complaint against Fritsch GmbH, Fritsch USA, Inc., and Mecatherm S.A. state and allege, on information and belief, as follows:

### INTRODUCTION

This is a patent infringement case.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff General Mills, Inc. is a Delaware corporation with its principal place of business at Number One General Mills Boulevard, Minneapolis, Minnesota 55426.

2. Plaintiff The Pillsbury Company, LLC is a Delaware limited liability company with its principal place of business at Number One General Mills Boulevard, Minneapolis, Minnesota 55426. The Pillsbury Company, LLC is a wholly-owned subsidiary of General Mills, Inc.

3. Plaintiff General Mills Marketing, Inc. is a Delaware corporation with its principal place of business at Number One General Mills Boulevard, Minneapolis, Minnesota 55426. General Mills Marketing, Inc. is a wholly-owned subsidiary of The Pillsbury Company, LLC.

4. General Mills, Inc., The Pillsbury Company, LLC, General Mills Marketing, Inc., as well as General Mills Operations, LLC (a wholly-owned subsidiary of The Pillsbury Company, LLC) shall collectively be referred to as "General Mills."

5. On information and belief, Defendant Fritsch GmbH is a German company with its principal place of business at Bahnhofstrasse 27-31, D-97348 Markt Einersheim, Germany.

6. On information and belief, Defendant Fritsch USA, Inc. is a New Jersey corporation with its principal place of business at 216 Little Falls Road, Unit #4, Cedar Grove, NJ 07009. Fritsch USA, Inc. is a wholly-owned subsidiary of Fritsch GmbH. Fritsch GmbH and Fritsch USA, Inc. shall be collectively referred to as "Fritsch."

7. On information and belief, Defendant Fritsch GmbH regularly conducts business in this judicial district through its wholly-owned subsidiary Fritsch USA, Inc. Fritsch USA, Inc. markets and sells its bakery equipment throughout the United States, including Minnesota. *See, e.g.,* Paragraph 29 of Fritsch USA Inc.'s Complaint against James E. Bruce, et al. (Case No: 02:2007cv03527, D.N.J. July 30, 2007) ("James F. Bruce as Vice President of Sales for Fritsch USA worked in the following states . . . Minnesota . . . ."). Fritsch also maintains a web site, through which customers or potential customers in Minnesota are encouraged to contact the company and its sales representatives about purchasing Fritsch equipment by telephone and e-mail.

82102456.1

8.      On information and belief, Defendant Mecatherm S.A. is a French company with its principal place of business at Route du Maréchal de Lattre de Tassigny, Barembach F 67133 SCHIRMECK Cedex, France.

9.      On information and belief, Defendant Mecatherm regularly conducts business in this judicial district by marketing and selling its baking equipment and related parts in Minnesota. Mecatherm, for example, has transacted business with General Mills Operations, Inc., located at 9000 Plymouth Avenue, Golden Valley, Minnesota 55427. Mecatherm also maintains a web site, through which customers or potential customers in Minnesota are encouraged to contact the company and its sales representatives about purchasing Mecatherm equipment by telephone and e-mail.

10.     This Court has jurisdiction over Plaintiffs' patent infringement claims (Counts I and II) under 28 U.S.C. § 1338(a), in that the claims arise under the Acts of Congress relating to patents, 35 U.S.C. § 101 et seq.

11.     Venue is proper in this district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## FACTUAL BACKGROUND

### The Patent-in-suit

12.     On June 7, 2005, United States Patent No. 6,902,754, entitled *Blunt Edge Dough Cutter*, issued to The Pillsbury Company, as assignee of inventors James R. Evans, James W. Finkowski, and Gene A. Russel.

13.     In or around 2005, The Pillsbury Company assigned the '754 patent to General Mills Marketing, Inc. General Mills Marketing, Inc. is still the owner of the '754 patent.

82102456.1

14.     General Mills practices The '754 patent and marks the packaging of its bread products that were manufactured under the patented processes with the '754 patent.

*Facts relating to Fritsch's infringement of the patent-in-suit*

15.     Fritsch GmbH is a corporation that together with its subsidiaries manufactures, offers to sell, sells, uses, distributes, and services bakery equipment, machines, and parts used to make bread products, including but not limited to pastry products, croissants and coiled pastries, artisan breads, rolls, baguettes, tin bread, pizza and other flat breads, pretzels and other twisted baked goods, and filo dough.

16.     Fritsch's bakery equipment and machines include dough cutting and processing technology that, when used, practice the '754 patent. On information and belief, that technology includes at least Fritsch's Softprocessing© technology, which is incorporated into at least Fritsch's LAMINATOR 300 and IMPRESSA bread line of machines.

17.     In September 2010, Fritsch attended the International Baking Industry Exposition ("IBIE") in Las Vegas, Nevada.

18.     Pictures of dough cutting and processing machinery that Fritsch had on display at the IBIE are attached as Exhibit A.

19.     On information and belief, Fritsch employees operated the machinery captured in the pictures attached as Exhibit A to cut and process dough, resulting in infringement of one or more claims of the '754 patent.

20.     In addition, General Mills expects that discovery will show that Fritsch has engaged in additional infringing activity. For example, General Mills expects that discovery will show that Fritsch has offered to sell, sold, and/or imported a component, material or apparatus in or into the United States for use in practicing one or more of the processes patented in the '754

patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. General Mills also expects that discovery will show that Fritsch has actively induced others to practice in the United States one or more of the methods claimed in the '754 patent.

21. Fritsch's infringement of the '754 patent has injured General Mills and will cause irreparable injury and damage in the future unless Fritsch is enjoined from infringing the patents.

*Facts relating to Mecatherm's infringement of the patent-in-suit*

22. Mecatherm is a corporation that together with its subsidiaries manufactures, offers to sell, sells, uses, distributes, and services bakery equipment, machines, and parts used to make bread products, including but not limited to baguettes, rolls, puff pastry, and laminated dough.

23. Mecatherm's bakery equipment and machines include dough cutting and processing technology that, when used, practice the '754 patent.

24. In September 2010, Mecatherm attended the IBIE in Las Vegas, Nevada.

25. Pictures of dough cutting and processing machinery that Mecatherm had on display at the IBIE are attached as Exhibit B.

26. On information and belief, Mecatherm employees operated the machine captured in the pictures attached as Exhibit B to cut and process dough, resulting in infringement of one or more claims of the '754 patent.

27. In addition, General Mills expects that discovery will show that Mecatherm has engaged in additional infringing activity. For example, General Mills expects that discovery will show that Mecatherm has offered to sell, sold, and/or imported a component, material or apparatus in or into the United States for use in practicing one or more of the processes patented

in the '754 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. General Mills also expects that discovery will show that Mecatherm has actively induced others to practice in the United States one or more of the methods claimed in the '754 patent.

28. Mecatherm's infringement of the '754 patent has injured General Mills and will cause irreparable injury and damage in the future unless Mecatherm is enjoined from infringing the patents.

### COUNT I—PATENT INFRINGEMENT OF THE '754 PATENT BY FRITSCH GmbH and FRITSCH USA, INC.

29. Plaintiffs incorporate and reallege herein by reference paragraphs 1 through 28.

30. Fritsch has made, offered to sell, imported, used, or sold dough cutting and processing technology that infringes one or more of the claims of the '754 patent.

31. The infringement by Fritsch of the '754 patent injured and continues to harm General Mills, and will cause irreparable injury and damage to General Mills unless the Court enjoins Fritsch from infringing the patent.

32. General Mills put Fritsch on notice of the '754 patent by marking the packaging of its bread products that were manufactured under the patented processes with the '754 patent.

### COUNT II—PATENT INFRINGEMENT OF THE '754 PATENT BY MECATHERM

33. Plaintiffs incorporate and reallege herein by reference paragraphs 1 through 32.

34. Mecatherm has made, offered to sell, imported, used, or sold dough cutting and processing technology that infringes one or more of the claims of the '754 patent.

35. The infringement by Mecatherm of the '754 patent injured and continues to harm General Mills, and will cause irreparable injury and damage to General Mills unless the Court enjoins Mecatherm from infringing the patent.

36. General Mills put Mecatherm on notice of the '754 patent by marking the packaging of its bread products that were manufactured under the patented processes with the '754 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, General Mills prays for the following judgment and relief:

a. that each of the Defendants has infringed the '754 patent;

b. that Plaintiffs are entitled to temporary and permanent injunctions barring each of the Defendants and their respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '754 patent, or, in the alternative, that Defendants take a compulsory license to the '754 patent;

c. that each of the Defendants shall account for and pay to Plaintiffs the damages to which Plaintiffs are entitled as a consequence of Defendants' infringement of the '754 patent;

d. that each of the Defendants shall additionally account for and pay to Plaintiffs damages for the period of infringement of the '754 patent following the period of damages established by Plaintiffs at trial;

e. that Plaintiffs are further entitled to interest;

f. that this case is exceptional and that Plaintiffs are entitled to their reasonable attorney fees under 35 U.S.C. § 285; and

g. any other award or relief that the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 1, 2011

By: _____
Ronald J. Schutz (4130849)
Sang Young A. Brodie (0325557)
Joshua Strom (0391530)
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500

**Attorneys for the Plaintiffs General Mills, Inc., The Pillsbury Company, LLC, and General Mills Marketing, Inc.**

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

SANG YOUNG BRODIE
612-349-8207

April 1, 2011

District Court Administrator
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

RECEIVED 11 APR -1 AM 10: 03 CLERK, U.S. DIST. COURT MINNEAPOLIS

Re: *General Mills, Inc. et. al. v. Fritsch GmbH, et. al.*
     *Our File No.: 022510.0083*

Dear Court Administrator:

Enclosed for filing please find the following:

1. Complaint;

2. Civil Cover Sheet (w/ attachment);

3. Rule 7.1 Corporate Disclosure Statement; and

4. Firm Check in the amount of $350 for filing fee.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Sang Young Brodie

SYB/jss
Enclosures

82100558.1

ATLANTA · BOSTON · LOS ANGELES   MINNEAPOLIS   NAPLES · NEW YORK